# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1635 | **DATE** | March 23, 2012 |
| **CASE TITLE** | Darnell McConnell (#2009-0908242) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [##3] is granted and the initial partial filing fee is waived. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Any other pending motions are denied as moot. Dismissal of this action is without prejudice to Plaintiff pursuing any cause of action which he may have in state court for loss of property.

■ [For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff has filed this cause of action pursuant to the Civil Rights Act, 28 U.S.C. § 1983. Plaintiff alleges that when he was booked into the Cook County Jail on June 7, 2011, he had all of his property together, including his clothing and dentures. On June 11, 2011, he was transferred on a writ, to Stateville Correctional Center. When he returned to the Cook County Jail on September 8, 2011, his property was missing, and he has not been able to recover it.

    Plaintiff's motion to proceed *in forma pauperis* is granted. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law. Plaintiff's complaint is flawed in multiple ways. First, the Cook County Jail is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993).

**(CONTINUED)**

AWL

## STATEMENT

Second, Plaintiff fails to state a cause of action for violation of his constitutional rights. The loss of property, *per se* does not constitute a deprivation of property without due process of law in violation of the Fourteenth Amendment if the government provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). Illinois law provides actions for replevin and conversion that are sufficient to redress Plaintiff's claims in regard to the loss of his property. *See Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002) (Illinois cause of action for replevin provides adequate post-deprivation remedy); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-37 (7th Cir. 1993) (tort claim may be filed in the Illinois Court of Claims in regard to destruction of property); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985) (Illinois cause of action for conversion provides adequate post-deprivation remedy). Consequently, Plaintiff can state no constitutional claim for deprivation of property.

As Plaintiff has failed to state a cause of action for violation fo his rights under § 1983, this case is dismissed. Dismissal is without prejudice to Plaintiff pursuing whatever remedies he may have in state court.